PEOPLE V POSBY, No. 111619. Reported *ante*, 21.

CAVANAGH, J. Because I believe the Court's prior opinion to be in error, I dissent from the denial of rehearing. Three years ago this Court determined to depart from prior precedent and the application of the rule of abatement ab initio in *People v Peters*, 449 Mich 515 (1995).[1] While I dissented from that decision, and continue to believe that case to have been wrongly decided, I find that controversy to be of no moment in the instant case. Under either the rule expressed by Justice WEAVER's majority in *Peters*, or the view I, joined by Justice LEVIN, expressed in dissent, the

---

[1] Traditionally, as the majority explained in *Peters*, "[i]n literal application, abatement ab initio erases a criminal conviction from the beginning on the theory that all injuries resulting from the crime 'are buried with the offender.' " *Peters*, 449 Mich 520, quoting *United States v Dunne*, 173 F 254, 258 (CA 9, 1908), as quoted in *United States v Oberlin*, 718 F2d 894, 896 (CA 9, 1983).

Court's action in issuing its memorandum opinion in this case and vacating the decision of the Court of Appeals is in error.

I

Defendant was found guilty, but mentally ill, of first-degree murder. On appeal, the Court of Appeals reversed defendant's conviction and remanded the case for further proceedings.[2] The prosecution applied for leave to appeal to this Court, and the defendant filed a cross-application. During the pendency of these applications, defendant died. This Court, sua sponte, issued a brief memorandum opinion, ruling in pertinent part:

> Given the first-out rule, MCR 7.215(H), and the fact that the defendant's death prevents us from reviewing the Court of Appeals two to one opinion, we vacate the opinion and dismiss the application for leave to appeal and the application for leave to appeal as cross-appellant. MCR 7.302(F)(1). [459 Mich 21, 22 (1998).]

Defendant, by his counsel, moves for rehearing, arguing such action to be in error and citing *Peters*. I find that defendant's argument does indeed have merit. While our dismissal of the application and cross-application was indisputably correct, the Court's action in vacating the opinion of the Court of Appeals was erroneous, and, under the rule of *Peters*, the opinion should be allowed to stand.

II

The Court in *Peters* faced a situation where the defendant died following conviction, but before the resolution of his appeal of right. The actual dispute involved primarily an order of restitution in favor of a fire department and an insurer for the cost of various arson fires the defendant had pleaded nolo contendere to starting. The majority, intent on saving a conviction, departed from the rule of abatement ab initio approved in *People v Elauim*, 393 Mich 601 (1975), to find that the defendant's conviction should stand, along with the attendant collateral consequence of the restitution order. In dissent, I would have upheld the rule of *Elauim*, requiring the action to be remanded to the circuit court for dismissal, but, in line with a majority of federal courts, limiting application of the rule to instances in which the defendant died during the pendency of his appeal of right, as opposed to while only a discretionary appeal was pending.

Thus, under the majority's view in *Peters*, once a conviction is established, the death of a defendant during the pendency of an appeal will result in dismissal of the appeal, but will leave the last decision, the conviction, standing. Under my dissenting view, that would be the case only where there was a decision of the Court of Appeals with respect to the defendant's appeal of right before defendant's death (and, implicitly, the

---

[2] 227 Mich App 219 (1997).

pending appeal was a discretionary one, i.e., an application for leave to appeal to this Court). Where the defendant died before the resolution of his appeal of right, I would continue to apply the *Elauim* rule of abatement ab initio and remand the action to the circuit court for dismissal.

III

The unusual facet of this case that distinguishes it factually, but not analytically, from *Peters* is that the Court of Appeals reversed the defendant's conviction. This should not, however, have any effect under either view expressed in *Peters*. Under the rule adopted by the majority, the pending appeal is dismissed, and the last decision rendered, here the reversal, stands. While the majority in *Peters* expended much effort to discuss the undisputed fact that a conviction abolishes the presumption of innocence, I do not see a need to discuss the effect of a reversal on appeal on such a presumption. Rather, I refer to the majority statement in *Peters*, that "it is the better policy to allow the litigation to end and. the presumptively valid conviction to stand . . . ." *Id.* at 521. To the extent that we consider a conviction by the trial court to be "presumptively valid" pending appeal, it seems that there is no rational basis to believe that a decision of our Court of Appeals reversing a conviction is entitled to any less of a presumption of validity, or is in anyway so infirm that it must be vacated as a matter of course.

Under the view I expressed in *Peters*, where, as here, the appeal of right has been decided, I would vacate the appeal following such a decision and allow the decision of the Court of Appeals to stand. The fact that the resolution of the instant case would not change on the basis of whether the majority's rule in *Peters* or my view is applied results from the fact that the Court of Appeals has already decided defendant's appeal of right. While the opinion in *Peters* did not speak in such terms, there is no basis for a principled distinction in applying the rule of *Peters* to a case where left standing is an appellate court's reversal of a conviction it deemed to be legally invalid. The entire thrust of *Peters* concerned the consequences of a criminal conviction that remain despite a defendant's death. Where our constitution grants an appeal of right,[3] and where our Court of Appeals, in deciding such an appeal, has ruled that the defendant's conviction cannot stand, we have no call to vacate such a ruling and restore a conviction deemed legally invalid.[4]

---

[3] Const 1963, art 1, § 20.

[4] Of course, an application of the rule of abatement ab initio under *Elauim*, without the limitation I would have applied in *Peters*, would result in vacation of this entire matter, including the initial conviction. Thus, defendant would not be left with a conviction that the Court of Appeals found to be erroneously arrived at. Such a result would not draw the protest lodged against the majority's action in denying rehearing. However, under the opinion I expressed in *Peters*, and under the majority's rule therein, such a course has been disavowed by this Court. I, thus, do

IV

Inherent in this Court's initial memorandum opinion, and the majority's denial of rehearing, is a reference to the first-out rule of MCR 7.215(H). One could infer that the majority is concerned that defendant's death has deprived this Court of the opportunity to review a decision that is now binding precedent on all remaining Court of Appeals panels facing the issues addressed. Such concern seems misguided, however, given that the court rule cited specifically includes procedures for any panel of the Court of Appeals that finds the initial decision to be in error to publish such disagreement and cause a vote of the Court's judges regarding convening a special panel to resolve the conflict. To the extent that the decision in this case arguably might contain error, future panels of the Court of Appeals will have the opportunity to address such concerns, and, of course, such decisions may well be presented to this Court for review.[5]

As stated in *Peters*, "I cannot accept the majority's position that considerations of judicial economy are more important than assuring a proper appellate resolution of the guilt or innocence of a convicted defendant." *Id.* at 529. Where that appellate resolution has resulted in the reversal of defendant's conviction as erroneous, I believe it improper and unwarranted for this Court to summarily vacate such a reversal, and leave a now presumptively invalid conviction standing. I would thus vacate that part of our prior opinion that vacates the decision of the Court of Appeals.

KELLY, J. I join in the statement of Justice CAVANAGH.

---

not suggest such action, and, rather, would adhere to our established precedent, instead of modifying it to reach an expedient result.

[5] As a practical matter, I tend to believe that, as is often the case, parties who are adversely affected by the matter decided in a published decision of the Court of Appeals that, for whatever reason, is not appealed to this Court, will endeavor to bring similar cases before this Court for review. If there is error in the published decision, and we have no call to discuss such matter now, I have no doubt that the prosecution in future cases will bring such issues to the Court's attention, and we will have ample opportunity to address them in due course.